November 24, 2009

Mr. Douglas Oldmixon
Administrator
Texas Real Estate Commission
Post Office Box 12188
Austin, Texas 78711-2188

Opinion No. GA-0748

Re: Whether under chapter 1102 of the Occupations Code, the Texas Real Estate Commission has jurisdiction to take disciplinary action against a licensed inspector who performs a real estate inspection for a person who is not a buyer or seller of real property (RQ-0804-GA)

Dear Mr. Oldmixon:

Chapter 1102 of the Occupations Code addresses the licensing and regulation of real estate inspectors. TEX. OCC. CODE ANN. §§ 1102.001–.408 (Vernon 2004 & Supp. 2009). Your predecessor asked several questions regarding the Texas Real Estate Commission's (the "Commission") scope of authority under chapter 1102.[1]

In resolving those questions, your predecessor asked that we assume the following facts:

> An inspector licensed under [chapter 1102 of] the Code was engaged by a person who purchased a home from a builder who constructed the home. The licensee was engaged after the closing on the sale to inspect the property to give his opinion on construction defects alleged by the person who purchased the property. After the inspector provided his opinion, the builder filed a complaint against the inspector with the Commission, but Commission staff closed the complaint based on its long-standing interpretation of the agency's jurisdiction.

Request Letter at 1–2.

In relation to these facts, we are asked the following:

> 1. Does the Commission have jurisdiction under [chapter 1102 of] the Code to take disciplinary action against a person licensed

---

[1]Request Letter at 1–2 (*available at* http://www.texasattorneygeneral.gov).

under [chapter 1102 of] the Code if the person inspects real property for a person who is not a buyer or seller or potential buyer or seller as described above?

2. Given the Commission's long-standing interpretation that it does not have jurisdiction, if the Commission does in fact have jurisdiction over a licensee in such case, may it open a complaint against the licensee based on an inspection performed prior to the issuance of the Attorney General's opinion on this matter?

3. If the answer to question number one is no, does an offer by legal counsel for the person who purchased the property to settle the matter if the builder were to, among other things, purchase the property back from the person, cause that person to be a seller for jurisdictional purposes under [chapter 1102 of] the Code?

Request Letter at 2; *see also id.* at 1 (indicating that the questions relate to the Commission's jurisdiction under chapter 1102 to take disciplinary action as to a person licensed under chapter 1102).

In answering the first question, we begin by examining the term "disciplinary action." Though the term "disciplinary action" is used in chapter 1102[2] and the Commission's rules,[3] we do not find a definition for the term and your predecessor does not explain what she means by the term. We note, however, that section 1102.401 is entitled "Disciplinary Powers of Commission." TEX. OCC. CODE ANN. § 1102.401 (Vernon 2004). We assume for purposes of this opinion that the first question relates to action taken by the Commission pursuant to section 1102.401 and our analysis is limited accordingly.[4]

Section 1102.401 provides, in relevant part, that "[t]he commission may investigate an action of an *inspector* and, after notice and hearing . . ., reprimand the *inspector*, place the *inspector's* license on probation, or suspend or revoke the *inspector's* license for a violation of this chapter or a commission rule." *Id.* § 1102.401(a) (emphasis added). By its express terms, section 1102.401(a)

---

[2]*See, e.g.,* TEX. OCC. CODE ANN. § 1102.362(a) (Vernon 2004) (providing that subchapter H, related to the real estate inspection recovery fund, "does not limit the commission's authority to take *disciplinary action* against an inspector for a violation of" chapter 1102) (emphasis added).

[3]*See, e.g.,* 22 TEX. ADMIN. CODE § 535.227(c) (2009) (Tex. Real Estate Comm'n, Standards of Practice: General Provisions) ("Failure to comply with the standards of practice [for real estate inspectors] is grounds for *disciplinary action* as prescribed by Chapter 1102.") (emphasis added).

[4]This opinion does not, therefore, address whether the Commission has jurisdiction to take action under other penalty and enforcement provisions of chapter 1102 against a licensee who inspects real property for a person who is not a buyer or seller. *See, e.g.,* TEX. OCC. CODE ANN. § 1102.403 (Vernon 2004) (authorizing the Commission to impose an administrative penalty on a person who violates the chapter).

limits the Commission's authority to investigate and take action against an "inspector" and thus, we focus on the meaning of that term.

The term inspector is defined to "mean[] a person who holds a license under" chapter 1102, and the term "license" "means an apprentice inspector license, real estate inspector license, or professional inspector license."[5]  *Id.* § 1102.001(6)–(7); *see also* TEX. GOV'T CODE ANN. § 311.011(b) (Vernon 2005) ("Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."); *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008) (explaining that when construing a statute definitions prescribed by the Legislature will be applied).  The definitions of the terms "professional inspector" and "real estate inspector" expressly provide that the inspector is a person "who accepts employment to perform a real estate inspection for a buyer or seller of real property." TEX. OCC. CODE ANN. § 1102.001(8), (10) (Vernon 2004).[6]

One brief received in our office notes that the term "apprentice inspector"[7] does not expressly provide that the inspector accept employment for a buyer or seller.[8]  The brief argues that the definition of apprentice inspector is evidence that the Commission's jurisdiction in disciplinary actions is not limited to only those inspectors who accept employment for a buyer or seller of real property. *See* Maizel Brief at 5.  However, an apprentice must work under the *direct supervision* of a real estate inspector or professional inspector, and thus, must necessarily operate under the same parameters as the supervising inspector—i.e., work, in the capacity of inspector, for a buyer or seller of real property. *See* TEX. OCC. CODE ANN. §§ 1102.001(1) (Vernon 2004) (defining apprentice inspector to be a person in training under the direct supervision of a professional inspector or real estate inspector), 1102.104(1) (providing that a person "is under . . . direct supervision if the person is instructed and controlled by a professional inspector or real estate inspector who is" responsible for the actions of the person, available to consult and assist the person, and physically present during the inspection); 1102.101 (providing that "[a] person may not act . . . as an apprentice inspector in this state *for a buyer or seller* of real property unless the person" holds the proper license and is under the proper supervision) (emphasis added).

---

[5]Chapter 1102 provides for only three types of licensed inspectors: apprentice inspectors, real estate inspectors, and professional inspectors. *See, e.g., id.* §§ 1102.101 (requiring a license to act as an apprentice inspector), 1102.102 (requiring a license to act as a real estate inspector), 1102.103 (requiring a license to act as a professional inspector) (Vernon 2004).

[6]"'Professional inspector' means a person who represents to the public that the person is trained and qualified to perform a real estate inspection and who accepts employment to perform a real estate inspection for a buyer or seller of real property." *Id.* § 1102.001(8). "'Real estate inspector' means a person who represents to the public that the person is trained and qualified to perform a real estate inspection under the indirect supervision of a professional inspector and who accepts employment to perform a real estate inspection for a buyer or seller of real property." *Id.* § 1102.001(10).

[7]"'Apprentice inspector' means a person who is in training under the direct supervision of a professional inspector or a real estate inspector to become qualified to perform real estate inspections." *Id.* § 1102.001(1).

[8]*See* Brief from Jay Maizel at 5 (July 3, 2009) (on file with the Opinion Committee) [hereinafter Maizel Brief].

In sum, the Commission's authority under section 1102.401(a) is expressly limited to investigating and taking action against an *inspector*, who is defined by statute as a person "who accepts employment to perform a real estate inspection for a buyer or seller of real property." *Id.* § 1102.001(8), (10) (Vernon 2004). Without telling us the meaning the Commission ascribes to the terms "buyer" or "seller," the first question asks us to assume that the property owner in the factual scenario presented is not a buyer or seller or potential buyer or seller. *See* Request Letter at 2; Tex. Att'y Gen. Op. No. GA-0659 (2008) at 3 n.5 ("To answer a requestor's questions of law . . . we assume that the requestor's description of the facts is correct."). Thus, we conclude that under section 1102.401(a) the Commission does not have jurisdiction to take disciplinary action against a licensee if the licensee inspects real property for a person who is not a buyer or seller of real property. Given our answer to the first question, we do not address the second question.

The third question inquires whether, under the facts presented, the inspector has accepted employment to perform a real estate inspection[9] for a seller of real property. In other words, the question asks whether a settlement offer to have the builder purchase the property back from the person might make that person a seller. Request Letter at 1–2.

In order to answer this question, one must know the definition of the terms "buyer" and "seller" as used in this context. Chapter 1102 does not define the terms. *See, e.g.*, TEX. OCC. CODE ANN. § 1102.001 (Vernon 2004). Likewise, the Commission has not defined the terms buyer or seller in its regulations or advised us as to the Commission's construction of these terms.[10] *See* Request Letter at 1; *see, e.g.*, 22 TEX. ADMIN. CODE §§ 535.12–.21 (2009) (Tex. Real Estate Comm'n, Definitions). "The long-standing policy of this office has been to defer to the administrative agency charged with the administration and enforcement of a statute . . . ." Tex. Att'y Gen. Op. No. GA-0692 (2009) at 2. As the agency (1) charged with administering chapter 1102 and (2) authorized to establish the standards of conduct and ethics for persons licensed under chapter 1102, the Commission must determine, in the first instance, whether the inspector has accepted employment to perform a real estate inspection for a seller of real property under the facts presented. *See* TEX. OCC. CODE ANN. § 1101.151(a)(1) (Vernon 2004) (requiring the Commission to administer chapter 1102), (b)(1) (authorizing the Commission to adopt and enforce rules necessary to administer chapter 1102), (b)(2) (authorizing the Commission to "establish standards of conduct and ethics for persons licensed under" chapter 1102 in order to fulfill the purpose of and ensure compliance with chapter 1102). We decline, in these circumstances, to provide definitions to words that the Commission, as the regulatory authority, has failed to define in the first instance.

---

[9]"'Real estate inspection' means a written or oral opinion as to the condition of the improvements to real property, including structural items, electrical items, mechanical systems, plumbing systems, or equipment." TEX. OCC. CODE ANN. § 1102.001(9) (Vernon 2004).

[10]While the Request Letter explains that "[b]ased on long-standing agency interpretation . . . the TREC Enforcement Division has not accepted complaints filed against persons licensed under the Code if the person who engaged them to inspect improvements to real property was not a buyer or seller or potential buyer or seller of the property at the time of the inspection," it does not explain how the Commission defines the key terms "buyer" or "seller" in applying this interpretation. Request Letter at 1.

## S U M M A R Y

The Texas Real Estate Commission does not have authority under section 1102.401(a), Occupations Code, to take disciplinary action against a person licensed under chapter 1102 if the person has not accepted employment to perform a real estate inspection for a buyer or seller of real property.

It is necessary to define the terms "buyer" and "seller" in the context of chapter 1102 in order to determine whether a person, in a particular factual context, constitutes a buyer or seller of real property for which a real estate inspector has accepted employment. As the agency charged with administering chapter 1102 and authorized to establish the standards of conduct and ethics for persons licensed under chapter 1102, the Commission must determine, in the first instance, the meaning of these terms.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Christy Drake-Adams
Assistant Attorney General, Opinion Committee